## In re Anonymous No. 56 D.B. 89

Disciplinary Board Docket no. 56 D.B. 89.

*Hearing Committee,* October 24, 1990—Hearing Committee [   ] unanimously submits this report and recommendation regarding the disciplinary charges

against the above-named respondent. For the reasons stated herein, your hearing committee respectfully recommends dismissal of the charges against respondent.

## FINDINGS OF FACT

(1) Respondent was born in 1955 and was admitted to practice law in the Commonwealth of Pennsylvania on or about July 9, 1981. His office is located at [ ].

(2) At all times relevant herein, respondent, as named partner of [ ] ("law firm"), represented [A] University in its efforts to collect overdue student loans and tuition payments.

(3) As of September 1987, the records kept by the [A] University Department of the Bursar reflected that [B], a 1981 graduate of the [A] University School of Pharmacy, owed an outstanding balance of $1,309 on account no. [ ] for the payment of her tuition for the spring 1981 semester ("tuition account") and $2,277.56 on a [C] Student Loan ("[C] account").

(4) Ms. [B] never made any payments on the tuition account.

(5) Commencing in 1986, Ms. [B] denied to the University Bursar's Office that she owed any sums on the tuition account and respondent was so aware at all times relevant herein.

(6) By letter addressed to the law firm and received on August 19, 1987, Ms. [B] requested a statement of the balance due on her "loan account" as of October 10, 1987.

(7) By letter dated September 25, 1987, [ ], Esq., named partner in the law firm, informed Ms. [B] that she owed an outstanding balance of $1,309 on the tuition account and $2,277.56 on the [C] account.

(8) In response to the September 25, 1987 letter, the law firm received three money orders from Ms. [B] on or about October 8, 1987, totalling $2,277.56.

(9) Respondent subsequently learned that the information in the letter dated September 25, 1987 to Ms. [B] was unintentionally erroneous in that Ms. [B] owed an outstanding balance of only $2,220.56 on the [C] account.

(10) At respondent's direction, $2,220.56 of Ms. [B's] October 8, 1987 payment was credited in full satisfaction on the [C] account and the remaining $57 was credited to the outstanding balance on the tuition account.

(11) Respondent was aware that neither Ms. [B] or anyone acting on her behalf had authorized respondent or his firm to credit the remaining $57 to the tuition account.

(12) On or about January 25, 1988, respondent filed an action on behalf of [A] University for the balance due on the tuition account entitled *[A] University v. [B]*, [    ] Court, Claim no. [    ].

(13) In that complaint, respondent alleged "subsequent to the preparation of said affidavit, defendant has made a partial payment in the amount of $57 which is properly credited and the balance due and owing reduced accordingly."

(14) The complaint was basically a form collections complaint except for the language regarding the partial payment.

(15) Docket entries introduced indicate that the complaint filed by respondent was dismissed with prejudice, apparently on statute of limitation grounds.

(16) No evidence was introduced that the assertion of a partial payment was used in any statute of limitations argument to the court.

## CONCLUSIONS OF LAW

The allegation of a partial payment as made in the complaint filed by respondent is not a knowingly false statement of law or fact and does not violate D.R. 7-102(A)(5).

## DISCUSSION

The only evidence submitted by Disciplinary Counsel showed that respondent attempted to pursue collection of certain debts allegedly arising from complainant to [A] University. Such debts covered two accounts, one of which complainant disputed.

Complainant voluntarily paid the undisputed debt, and in doing so inadvertently overpaid that undisputed debt by $57. Respondent apparently advised his client to apply the overpayment to the disputed debt. Respondent then filed a collection lawsuit, on behalf of this client, against complainant for the disputed debt. He used form language reciting the debt and incorporating an affidavit from his client. In that form complaint, he inserted the sentence "subsequent to the preparation of said affidavit, defendant has made a partial payment in the amount of $57, which is properly credited herein and the balance due and owing reduced accordingly." This allegation reflected the advice he had given his client regarding application of the inadvertent overpayment to the disputed debt, and on its face, merely gave credit for the payment of complainant.

The complaint filed by respondent was susceptible to a statute of limitations defense. The statute of limitations defense could have been countered if the complainant had made a *voluntary* partial payment on the disputed debt.

The essence of Disciplinary Counsel's position was that respondent included the allegation of par-

tial payment in order to avoid the statute of limitations defense even though he knew that there was not a *"voluntary"* payment.

The problem with Disciplinary Counsel's theory is that the statement made does not include an allegation that the partial payment was "voluntary," a necessary element to tolling the statute of limitations. There was no evidence that the statement in the complaint was used in a statute of limitations argument or otherwise to state that the payment was voluntary. In fact, the complaint was dismissed with prejudice.

Disciplinary Counsel further argued that respondent had been alerted to Disciplinary Counsel's position by the letter of inquiry from Disciplinary Counsel, and asks to draw the inference that the statement would have been misused but for this notice. We do not believe such an inference is reasonable without any evidentiary support, and certainly cannot meet Disciplinary Counsel's burden.

After the hearing committee announced that it did not see a prima facie case, respondent chose not to present a defense.

## RECOMMENDATION

Based on the record presented, the committee recommends dismissal of the charges.

## ORDER

And now, January 4, 1991, upon consideration of the report and recommendation of Hearing Committee [   ] filed October 29, 1990, it is hereby ordered that the charges against [respondent] docketed at no. 56 D.B. 89 be dismissed.